IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED
SEP 18 2019
KATE BARKMAN, Clerk
By_____ Dep. Clerk

PETER CHARLES,
    Plaintiff,

v.

HOPE CAFFAE/COFFEE SHOP, *et al.*,
    Defendants.

CIVIL ACTION NO. 19-CV-4238

## MEMORANDUM

SÁNCHEZ, C.J.                                               SEPTEMBER 18th, 2019

    *Pro se* Plaintiff Peter Charles has filed a Complaint using the Court's preprinted form. He has also filed a Motion to Proceed *In Forma Pauperis*. Because it appears that Charles is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Complaint will be dismissed without prejudice and Charles will be granted leave to file an amended complaint.

### I. FACTS

    Charles's Complaint is quite brief. While he names some 21 Defendants, including what appear to be homeless shelters, charities, retail establishments, and medical providers, Charles's only factual allegation is that "the shelters violated my rights by kicking me out on code blues on the date shown." (ECF No. 2 at 4.)[1] He also alleges he was "terminated" from what appears to be two shelters — Bethesda Project and Sunday Breakfast — and that he is "supposed to be in a medical place for my surgery." (*Id.* at 5.)

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

## II. STANDARD OF REVIEW

The Court will grant Charles leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Charles is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

From the limited facts alleged in Charles's Complaint, the Court can discern no basis for the exercise of subject matter jurisdiction. Charles did not indicate on the Complaint form whether he seeks to invoke federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity jurisdiction pursuant to 28 U.S.C. § 1332. To the extent that he seeks to invoke federal jurisdiction to vindicate his "rights" against the shelter Defendants, the vehicle by which he may do so is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). None of the named Defendants appears to be a "state actor" subject to liability under § 1983. Rather, all Defendants appear to be private charities, retailers or medical providers.

To the extent that Charles seeks to bring claims against the Defendants on state law grounds, it does not appear that there is complete diversity among the parties. Section 1332(a) grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any

3

defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). Charles claims that he resides in Philadelphia and provides Pennsylvania addresses for all of the Defendants. Accordingly, complete diversity among the parties is facially lacking.

Because Charles has failed to meet his Rule 8 obligation to provide enough information to establish this Court's subject matter jurisdiction, the Court will dismiss his Complaint without prejudice and with leave to file an amended complaint within thirty (30) days. If Charles chooses to file an amended complaint, he is advised that he must state the basis for the Court's exercise of jurisdiction and provide sufficient information about how each Defendant acted to harm him.

**BY THE COURT:**

_____
JUAN R. SANCHEZ, C.J.

4